1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# NORTHERN DISTRICT OF CALIFORNIA

10

## SAN FRANCISCO DIVISION

11

| | |
|---|---|
| JOHN L. BERNSTEIN, IV, | Case No. 13-cv-01018 NC |
| Plaintiff, | **ORDER REOPENING CASE AND DENYING JOINT MOTION TO FILE UNDER SEAL** |
| v. | |
| TARGET STORES, INC., | Re: Dkt. Nos. 41, 42 |
| Defendant. | |

17

18      Pending before the Court are plaintiff's motion to reopen the case and the parties'

19 joint administrative motion to file under seal a stipulation seeking the Court's approval of

20 their settlement and a dismissal of the case with prejudice.  Because the settlement involves

21 a release of claims under the Fair Labor Standards Act and thus requires the Court's

22 approval, the Court GRANTS the motion to reopen the case.  However, because the parties

23 have not presented any facts justifying filing the stipulation of dismissal and settlement

24 agreement under seal, the Court DENIES the parties' joint motion to file under seal.  As set

25 forth below, the parties have the option of withdrawing their stipulation seeking approval of

26 the settlement and dismissal of the case, or moving forward with their stipulation and

27 settlement agreement as part of the public record.

28 //

Case No. 13-cv-01018 NC
ORDER REOPENING CASE AND
DENYING MOTION TO SEAL

# I. BACKGROUND

On March 6, 2013, plaintiff John Bernstein, IV, proceeding pro se, filed a complaint against his former employer, Target, seeking damages for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Dkt. No. 1. The parties consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 19, 20. On June 4, 2013, Bernstein filed a motion for leave to amend the complaint. Dkt. No. 34. The Court held an initial case management conference on June 5, 2013. Dkt. Nos. 35, 36. At the conference, the parties agreed to stay the case, including the pending motion to amend the complaint, until September 11, 2013. *Id.* The Court referred the case to a magistrate judge for settlement and set a further case management conference for September 18, 2013. *Id.*

On July 22, 2013, the parties filed a joint notice of settlement. Dkt. No. 38. On August 6, 2013, the Court issued an order of conditional dismissal, terminating all deadlines and providing that any party may move to reopen the case in the event that the settlement is not reached. Dkt. No. 40. On August 7, 2013, the parties filed a joint administrative motion to file under seal their stipulation to dismiss the case with prejudice. Dkt. No. 41. In their motion, the parties informed the Court that they have reached a confidential settlement involving the release of claims under the FLSA which requires the approval of the Court. *Id.* The parties stated that because they "have agreed to keep confidential the terms of the Confidential Settlement, including the consideration for plaintiff's acceptance of the Confidential Settlement," they sought to file the settlement agreement under seal to "allow the Court to examine the terms of the Confidential Settlement but preserve its confidentiality." *Id.* The parties' motion further stated that if the Court denies the joint administrative motion to seal, the settlement "will be null and void." *Id.*

On August 31, 2013, Bernstein moved to reopen the case on the basis that the settlement "was negotiated but not fulfilled." Dkt. No. 42. Target filed a response to the motion, explaining that its understanding of the reason for plaintiff's motion to reopen was that Target had not issued a settlement payment, which was because "[t]he Court's

approving and sealing the Settlement are conditions precedent to Target issuing plaintiff's settlement payment." *Id.* Target argues that the Court can resolve plaintiff's motion by "approving and sealing the Settlement." *Id.*

## II. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to file a motion to seal in connection with a nondispositive motion, however, must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Furthermore, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Requests to file under seal must be "narrowly tailored," *id.*, and must be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation . . . that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

### III. DISCUSSION

**A.      Plaintiff's Motion to Reopen the Case Is Granted**

The parties assert that because their proposed settlement involves the release of FLSA claims, it must be approved by the Court "to give it final and binding effect."  Dkt. No. 41. When presented with a proposed settlement of FLSA claims, the Court "must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute."  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Yue Zhou v. Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007).  Therefore, the Court finds that there is good cause to reopen the case.

**B.      The Parties' Joint Administrative Motion to File Under Seal Is Denied**

In order to apply the proper standard to the parties' joint motion to seal, the Court must determine whether the parties' stipulation seeking approval of the settlement and dismissal of the case with prejudice qualifies as a dispositive or non-dispositive motion in this context.  Because the settlement involves the release of FLSA claims, it requires court approval.  The result of such approval would be a dismissal with prejudice of this entire case.

While there is no specific Ninth Circuit guidance, most district courts considering a motion to seal in connection with a motion to approve settlement of FLSA claims have applied a presumption of public access.  *See Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-48 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); *Kianpour v. Rest. Zone, Inc.*, No. 11-cv-0802, 2011 WL 3880463, at *2 (D. Md. Aug. 30, 2011) (vast majority of recent cases addressing this issue apply the presumption of public access to FLSA settlements); *Taylor v. AFS Technologies, Inc.*, No. 09-cv-2567, 2010 WL 2079750, at *2-3 (D. Ariz. May 24, 2010) (applying compelling reasons standard to a motion to approve FLSA settlement and permitting the parties to elect between withdrawing FLSA settlement or making settlement agreement part of public record); *see also M.P. ex rel. Provins v. Lowe's*

*Companies, Inc.*, No. 11-cv-01985, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (holding that, because approval of minor's settlement is dispositive, the compelling reasons standard applies to motion to seal, citing *Taylor*, 2010 WL 2079750, at *2); *Select Portfolio Servicing v. Valentino*, No. 12-cv-0334 SI, 2013 WL 1800039, at *2-3 (N.D. Cal. Apr. 29, 2013) (observing that district courts in this circuit differ on whether a motion to approve a settlement agreement that releases parties from a case is dispositive or non-dispositive for sealing purposes, but holding that the parties' agreement among themselves to keep the settlement agreement confidential failed under either the compelling reasons or the lower good cause standard).[1]

Here, the only reason the parties give as a justification for their motion to seal is that they "have agreed to keep confidential the terms of the Confidential Settlement, including the consideration for plaintiff's acceptance of the Confidential Settlement."  Dkt. No. 41. Confidential settlement agreements are the type of discovery contemplated by Federal Rule of Civil Procedure 26(c), which courts have discretion to protect.  *Phillips*, 307 F.3d at 1212.  But, a party seeking to seal a confidentiality agreement must still meet its burden.  *Id.* (holding that "lower courts have the authority to grant protective orders for confidential settlement agreements" but remanding to the district court to apply the proper standard to a motion to seal).  The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal.  *See e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-38 (9th Cir. 2003); *Valentino*, 2013 WL 1800039, at *3 (that the parties agreed among themselves to make the settlement agreement confidential was insufficient to shield the information from public access); *see also Files v. Federated Payment Sys. USA, Inc*., No. 11-cv-3437, 2013 WL 1874602, at *3 (E.D.N.Y. Apr. 2, 2013) (recognizing that the public has a substantial interest in *the amount* of FLSA settlements, and that the presumption against disclosure of such information is not easily overcome).

[1]  The case cited in *Valentino* as having found that a motion to approve a settlement agreement is non-dispositive, *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, No. 10-cv-02600 LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011), does not involve the release of FLSA claims.

Moreover, "[a] litigant is not entitled to the court's protection from" exposure to "additional liability and litigation."  *Foltz*, 331 F.3d at 1137 (holding that exposure to liability in collateral suits is not a compelling reason to overcome the presumption of public access).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179; *see also Carpenter v. Colonial Mgmt. Grp., LP*, No. 12-cv-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012) (noting that the well-recognized presumption of public access to FLSA settlements was not outweighed by the settlement's confidentiality provision or defendant's concern with "negative publicity or attention" that could follow from having the terms of this settlement made public); *Hens v. Clientlogic Operating Corp.*, No. 05-cv-381S, 2010 WL 4340919, at *2-4 (W.D.N.Y. Nov. 2, 2010) (same).

The parties here have not submitted the declaration required by Local Rule 79-5 and have failed to articulate any facts—for example that the settlement agreement contains trade secrets or competitively sensitive information—that would justify sealing any portions of their settlement agreement or the stipulation seeking dismissal.  Without such facts, the confidentiality provision in the settlement agreement is insufficient justification to grant the parties' joint administrative motion to seal, and the motion is, therefore, denied.

Because the parties have indicated that the denial of the joint administrative motion to seal would result in rendering the current settlement "null and void," Dkt. No. 41, the parties have the option, as detailed below, of withdrawing their stipulation seeking approval of the settlement and dismissal of the case, or moving forward with their stipulation and settlement agreement as part of the public record.  If the parties wish to move forward with a settlement, they should be advised that the Court is not inclined to approve a settlement of FLSA claims that includes a broad release provision purporting to release claims unrelated to this litigation, absent a particularized showing that such a broad release in this case is "fair and reasonable."  *See, e.g., McKeen-Chaplin v. Franklin Am. Mortgage Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012) (finding that parties

failed to demonstrate that it would be fair and reasonable for the Court to enforce broad

general release provision contained in FLSA settlement agreements where the provision did

not track the breadth of the allegations in the action and released unrelated claims, and no

showing was made that plaintiffs were fully informed of the consequences of the release

provision).

## IV. CONCLUSION

The clerk is directed to reopen case No. 13-cv-01018 NC.

Because the parties have failed to overcome the presumption of public access, the

Court DENIES their joint administrative motion to seal.

By November 13, 2013, the parties must do one of the following: (1) file a notice

informing the Court that they wish to withdraw their stipulation seeking approval of the

settlement and dismissal of the case; (2) file an unsealed stipulation seeking approval of the

settlement and dismissal of the case, attaching the unsealed settlement agreement; or (3) file

a stipulated request for additional time if necessary to negotiate a new settlement.

The hearing on plaintiff's motion to reopen the case set for October 30, 2013 is

vacated.

IT IS SO ORDERED.

Date:  October 28, 2013

Nathanael M. Cousins
United States Magistrate Judge